**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**LARRY L. MORRIS, JR.,**

    **Plaintiff,**

vs.                                    **Case No. 4:10cv12-RH/WCS**

**ROBERT ALEX MORRIS,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

On January 11, 2010, the *pro se* Plaintiff filed a civil rights complaint, doc. 1. After granting him *in forma pauperis* status, the complaint was reviewed and found insufficient to state a claim upon which relief may be granted. Doc. 4. Plaintiff was advised that his complaint could not proceed, the deficiencies were explained to him, and he was advised to either file a notice of voluntary dismissal or an amended complaint if he believed he could present allegations sufficient to state a claim. *Id.*

In response, Plaintiff has filed two documents entitled "memorandum of law," docs. 5 and 6, but Plaintiff did not comply with the court order. In his first memorandum filed on January 28, 2010, Plaintiff argues that he did present "sufficient claims to

support his" § 1983 complaint. Doc. 5, p. 2. Plaintiff contends that when Defendant Morris was appointed to represent him, the Defendant told Plaintiff that his case "was frivolous and without merits." *Id.* Plaintiff contends the Defendant did not perform ethically or up to standards set by The Florida Bar. *Id.* In Plaintiff's second memorandum which was filed on February 22, 2010, Plaintiff contends again that his court-appointed attorney, Defendant Robert Alex Morris, did not provide effective representation of Plaintiff during a Rule 3.850 hearing. *Id.*

As Plaintiff was previously informed, to present a viable civil rights claim under 42 U.S.C. § 1983, Plaintiff must demonstrate the violation of a constitutional right by a "state actor." Doc. 4. Representation by public defenders or retained attorneys of persons accused of criminal offenses is not "state action" and thus gives rise to no liability pursuant to § 1983 absent a conspiracy with state actors. Richardson v. Fleming, 651 F.2d 366, 371 (5th Cir. 1981); Slavin v. Curry, 574 F.2d 1256, 1265 (5th Cir. 1976); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985); Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981) (holding that under the facts of this case, a public defender was act acting "under color of state law" but declining to hold that a public defender never acts in that role.); *noting* Branti v. Finkel, 445 U.S. 507, 100 S. Ct. 1287, 63 L. Ed. 2d 574 (1980) (holding that a public defender is a state actor when making hiring and firing decisions). Because Plaintiff lists no other Defendants, and has not other claims than to challenge the actions of his defense attorney in post-conviction proceedings, the complaint fails to state a claim and must be dismissed.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 19015(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on March 2, 2010.

   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**