# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

LARRY L. MORRIS, JR.,

    Plaintiff,

v.                                                       CASE NO. 4:10cv12-RH/WCS

ROBERT ALEX MORRIS,

    Defendant.

_____/

## ORDER OF DISMISSAL

This case is before the court on the magistrate judge's report and recommendation (document 7), the objections (document 9), and the amended report and recommendation (document 11), and the objections to the amended report and recommendation (document 12). I have reviewed *de novo* the issues raised by the objections.

The plaintiff was a defendant in a criminal case in Florida state court. He was convicted. He collaterally attacked the conviction under Florida Rule of Criminal Procedure 3.850. The state court appointed an attorney to represent him in the 3.850 proceeding. The attorney is the defendant in the case at bar. The plaintiff asserts the attorney rendered constitutionally ineffective assistance and

was negligent, causing the plaintiff to lose the 3.850 motion. His appeal of the 3.850 denial is pending.

The report and recommendation correctly concludes that the plaintiff cannot recover on his constitutional claims because the attorney did not act under color of law.

The plaintiff also cannot recover under state law. The dispositive case is *Steele v. Kehoe*, 747 So. 2d 931 (Fla. 1999). There a criminal defendant sued his attorney for malpractice that allegedly occurred during the criminal proceeding. The trial court granted a motion to dismiss with prejudice. The Florida Fifth District Court of Appeal affirmed but also certified to the Florida Supreme Court the question, as rephrased by the Supreme Court, "must a defendant prevail in having his or her conviction or sentence reduced before filing a legal malpractice action?" *Id.* at 932. The Florida Supreme Court answered the question in the affirmative, squarely holding that a criminal defendant must have a criminal judgment vacated before pursuing a malpractice claim. The court identified the reasons for this rule as follows:

> (1) without obtaining relief from the conviction or sentence, the criminal defendant's own actions must be presumed to be the proximate cause of the injury; (2) monetary remedies are inadequate to redress the harm to incarcerated criminal defendants; (3) appellate, postconviction, and habeas corpus remedies are available to address ineffective assistance of counsel; (4) requiring appellate or postconviction relief prerequisite to a malpractice claim will preserve

judicial economy by avoiding the relitigation of supposedly settled matters; and (5) relief from the conviction or sentence provides a bright line for determining when the statute of limitations runs on the malpractice action.

*Id.* at 933.

In short, the plaintiff has failed to state a claim on which relief can be granted under either federal or state law. Accordingly,

IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the court's further opinion. The clerk must enter judgment stating, "The complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B)." The clerk must close the file.

SO ORDERED on March 27, 2010.

                                              s/Robert L. Hinkle
                                              United States District Judge